Shaw, C. J.*
The court are of opinion that the provision made for the testator’s wife was not in the alternative, that is, either to set apart $200,000, or to pay her an annuity of $ 10,000. If the estate is not sufficient to set apart $200,000, after payment of the specific devises, then it is to be set apart pro tanto, and the income applied to her use. If that income exceed $ 10,000 a year, she is to have it; but if it fall short, it is to be applied pro tanto, and the balance made up out of the general estate.
Had the fund been sufficient, after setting apart the $ 200,000 and the $ 12,000, to pay the plaintiffs’ legacies, they would have been payable at the expiration of a year from the testator’s death; but as it was insufficient, they must be postponed till after the death of the widow, who takes as a purchaser, and is entitled to the payment of her annuity in full.
Although there would be estate sufficient to purchase the annuity and leave a surplus, still we think the estate cannot De *63 so appropriated, consistently with the terms of the will construed by taking all its provisions together: Because it was not pro vided or contemplated by the testator, that the estate should be applied to the purchase of annuities, so as to part absolutely with the reversionary interest in it; and because it would defeat a plain and manifest intent of the testator to provide, out of that fund, for his own sons and daughters, after the decease of their mother. In order to accomplish this, he directs that after the decease of his wife, the fund thus set apart to raise an annuity for her, shall be held, managed and improved, or paid over, in the same manner as the general residue was directed to be held, managed or paid over. But the general residue could not have been paid over till after the payment of these specific legacies to the plaintiffs. This results from the force of the term “ residue.”
The court are therefore of opinion, that by the terms of this will — it appearing that after the specific devises, the general estate did not amount to @200,000 — the whole fund was to be appropriated and set apart to raise the annual sum of $ 10,000 for the widow ; and if the income is insufficient for that purpose, then the balance is to be t made up annually from the capital: That if this general fund shall remain less than @200,000, during the life of the widow, then the whole will thus stand appropriated and set apart during her life: That after the decease of the widow, the fund thus set apart is to be paid to the residuary legatees, in the same manner as the general residue is directed to be paid, viz. after the payment of specific pecuniary legacies. It follows, therefore, that the plaintiffs’ legacies will be payable to them out of that fund when thus released, and before the residuary legatees can take.
We are also of opinion, that these legacies, when payable, will be payable with interest from the expiration of one year after the decease of the testator. 2 Williams on Executors, (2d. ed.) 1023, and cases there cited.

Bill dismissed.

Hubbard.- J. did not sit in this case.